IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MAXWELL BRUNKEN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-00956-O-BP |
| § | |
| **TURO INC.,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Maxwell Brunken initiated this action by filing his Complaint on September 2, 2025. ECF No. 1. The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3.

Brunken filed a Motion to Proceed *in forma pauperis* that the Court granted on September 16, 2025. ECF Nos. 2, 5. On October 23, 2025, the Court ordered Brunken to respond to the Court's Questionnaire as part of judicial screening pursuant to 28 U.S.C. § 1915(e)(2) on or before November 14, 2025. ECF No. 6. Brunken did not comply.

On November 24, 2025, the Court *sua sponte* granted Brunken an extension of time to comply with the Court's previous Order and file his responses to the Court's Questionnaire by December 8, 2025. ECF No. 7. In the extension order, the Court warned Brunken that failure to file his responses to the Questionnaire may result in a recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) for want of prosecution or failure to obey a court order. ECF No. 7. Brunken again did not comply. In fact, since September 2, 2025, Brunken has not made any filing in this case.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for

failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Brunken has not complied with the Court's orders to respond to the Court's Questionnaire. When he did not file a response by the initial deadline, the Court extended the deadline by more than three weeks. Brunken has now had more than six weeks to file his answers to the Questionnaire but still has not done so. It appears to the Court that he no longer wishes to pursue his claims in this case.

Absent compliance with the Court's orders, this case cannot proceed. Because Brunken's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except 4 upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 15, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE